# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FRANK PATRICK BIRCH, JR.,

        Plaintiff,

vs.

SHERIFF JOE LOMBARDO, et al.,

        Defendants.

Case No. 2:16-cv-01051-RFB-CWH

**ORDER**

      Presently before the court is Nevada state-prison inmate Frank Patrick Birch, Jr.'s ("Birch") Sworn Statement (ECF No. 53), filed on March 14, 2017. Defendant Joe Lombardo ("Lombardo") filed a response (ECF No. 57) on March 30, 2017. Birch filed a reply (ECF No. 64) on April 5, 2017.

      Also before the court is Birch's Motion/Request for Order (ECF No. 65), filed on April 5, 2017. Defendants did not file a response.

      Also before the court is Birch's Motion to Strike (ECF No. 66), filed on April 5, 2017. Lombardo filed a response (ECF No. 70) on April 19, 2017. Defendants NaphCare, Inc. ("NaphCare") and Larry Williamson, M.D. ("Dr. Williamson") filed a joinder (ECF No. 71) to Lombardo's response on April 20, 2017. Birch filed a reply (ECF No. 76) on April 26, 2017.

      Also before the court is Birch's Motion for Order of Prohibition Against NaphCare (ECF No. 67), filed on April 12, 2017. NaphCare and Dr. Williamson filed a response (ECF No. 74) on April 27, 2017. Birch filed a reply (ECF No. 84) on May 10, 2017.

      Also before the court is Birch's Motion for Order of Prohibition Against Sheriff (ECF No. 68), filed on April 12, 2017. Lombardo did not file a response.

Also before the court is Birch's Motion for Sheriff to Stop Offering False Evidence (ECF No. 69), filed on April 12, 2017. Lombardo filed a response (ECF No. 72) on April 26, 2017. NaphCare and Dr. Williamson filed a joinder (ECF No. 73) to Lombardo's response on April 26, 2017. Birch filed a reply (ECF No. 83) on May 10, 2017.

Also before the court is Birch's request for certificate of interested parties (ECF No. 75), filed on April 26, 2017. NaphCare and Dr. Williamson filed a response (ECF No. 82) on May 10, 2017. Lombardo filed a joinder (ECF No. 89) to NaphCare and Dr. Williamson's response on May 23, 2017. Birch did not file a reply.

Also before the court is NaphCare and Dr. Williamson's Motion for Entry of a Protective Order (ECF No. 90), filed on May 25, 2017. Birch filed a response (ECF No. 93) on June 1, 2017. Lombardo filed a joinder (ECF No. 94) to the motion for protective order on June 5, 2017. NaphCare and Dr. Williamson filed a reply (ECF No. 96) on June 8, 2017.

Also before the court is Birch's Motion to Strike (ECF No. 91), filed on May 25, 2017. Defendants did not file a response.

Also before the court is Birch's Exhibits to Show Abuse and Neglect (ECF No. 92), filed on May 26, 2017. NaphCare and Dr. Williamson filed an objection (ECF No. 95) on June 6, 2017. Lombardo filed a response (ECF No. 97) on June 9, 2017. Birch filed a reply (ECF No. 98) on June 22, 2017.

Also before the court is Birch's Motion to Compel Discovery and for Sanctions (ECF Nos. 100, 101), filed on June 29, 2017. NaphCare and Dr. Williamson filed a response (ECF Nos. 102, 103) on July 12, 2017. Birch did not file a reply.

Also before the court is Birch's Motion for 90 Day Extension of Time for Good Cause (ECF No. 106), filed on July 21, 2017. Lombardo filed a notice of non-opposition (ECF No. 109) on July 31, 2017. NaphCare and Dr. Williamson did not file a response.

**I.     BACKGROUND**

This case arises out of a dispute regarding whether Birch received adequate medical care while incarcerated at the Clark County Detention Center. At the screening stage of this case, the court allowed Birch to proceed on his claim for deliberate indifference to serious medical needs

1  related to weight loss, a heart condition, and back pain against Lombardo, Dr. Williamson, and
2  NaphCare. (Screening Order (ECF No. 6); Compl. (ECF No. 7).) The court subsequently
3  dismissed Lombardo from this case. (Mins. of Proceedings (ECF No. 126).) Further, the court
4  granted in part and denied in part NaphCare and Dr. Williamson's motion to dismiss and permitted
5  Birch to file an amended complaint. (*Id.*)

6  Birch's amended complaint brings what the court understands to be a claim for deliberate
7  indifference to serious medical needs related to his heart condition and back pain against
8  NaphCare. (Am. Compl. (ECF No. 125).) Dr. Williamson is no longer named as a defendant. (*See*
9  *id.*) Thus, the only remaining claim is Birch's deliberate indifference claim against NaphCare.
10 NaphCare's motion for summary judgment (ECF No. 127) is pending before the United States
11 district judge assigned to this case. This order addresses all other pending motions in this case.

## II.    SWORN STATEMENT (ECF NO. 53)

Birch's document titled "Sworn Statement" is an amalgam of assertions regarding his medical condition, various references to Bates-stamped documents, arguments regarding the prison's policies and grievance procedures, and statements regarding Aramark, which Birch states is a company responsible for serving prison meals. Birch also attaches a photograph, medical records, and various inmate grievances to his sworn statement. Lombardo responds that the sworn statement does not request specific relief and therefore should be ignored. Lombardo also argues that to the extent Birch has complaints regarding prison conditions, Birch must exhaust prison administrative procedures before seeking relief from the court.

Under Local Rule IA 7-1,

> [a]ll communications with the court must be styled as a motion, stipulation, or notice, and must be filed in the court's docket and served on all other attorneys and pro se parties. The court may strike any case-related correspondence filed in the court's docket that is not styled as a motion, stipulation, or notice.

Given that Birch's sworn statement is not filed as a motion and that it is unclear what relief Birch seeks by way of this filing, the court will strike the document under Local Rule IA 7-1. If Birch seeks relief from the court, he is advised to style his requests for relief as motions. Although the court will liberally construe Birch's filings because he is not represented by an attorney, Birch

1    nevertheless is required to follow the same rules of procedure that govern other litigants. *See*
2    *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). The court therefore will strike Birch's sworn
3    statement.

**III.   MOTION/REQUEST FOR ORDER (ECF NO. 65)**

Birch requests that the court order NaphCare and Lombardo to "re give all documents in initial disclosure," arguing that various exhibits and other documents are missing. Attached to the motion are various grievances Birch submitted to the prison library regarding missing documents. Based on the prison official's responses to the grievances, it appears the prison library did not have copies of the missing documents in Birch's file. Defendants did not respond to this motion.

Local Rule 7-2(a) requires all motions to be supported by a memorandum of points and authorities explaining the moving party's request and the legal basis for that request. Further, Local Rule 26-7 provides that

> [d]iscovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request.

Here, Birch's motion is not supported by a memorandum of points and authorities explaining the legal basis for his request. It is unclear to the court whether Birch is requesting the court to order NaphCare and Lombardo to give him additional copies of their initial disclosures, or whether he is requesting assistance with obtaining documents from the prison library. Although Birch's motion references various documents, it is unclear exactly which documents he is requesting. To the extent it is intended to be a discovery motion, it does not include a declaration stating that Birch made a good-faith effort to meet and confer with NaphCare and Lombardo about the motion. Given these shortcomings, the court is unable to evaluate the motion and therefore will deny it without prejudice.

**IV.   MOTION TO STRIKE (ECF NO. 66)**

Birch requests that the court strike or seal the following documents filed in the court's docket: (1) ECF No. 31-1, pages 1-2 and 5-9, and (2) ECF No. 46 at pages 9-16 and exhibit 1. Birch argues that these documents reference private issues regarding a minor child. He further

4

argues that Lombardo has brought irrelevant evidence before the court and states Lombardo's documents that are Bates-stamped 336 to 514 include "minor names and morally offensive allegations."

Lombardo responds that the motion should be denied because most of the evidence that Birch seeks to strike or seal was provided in discovery, not filed with the court. Lombardo further argues that motions to strike apply only to pleadings and that the court should not strike evidence of Birch's criminal charges that is included in two of Lombardo's briefs—specifically, Lombardo's Opposition to Motion for Preliminary Injunction (ECF No. 31-1 at 1-2) and Lombardo's Opposition to Emergency Motion for Protection (ECF No. 46 at 9-16)—because they are not pleadings.

As a preliminary matter, the court notes that the clerk of court sealed ECF No. 31-1 and ECF No. 46 because the clerk determined those documents contain personal-data identifiers that should have been redacted under Local Rule IC 6-1. *See also* Fed. R. Civ. P. 5.2 (Privacy Protection for Filings Made With the Court). The court has reviewed these filings and concurs that the document titled "Temporary Custody Record" that is included in ECF No. 31-1 and ECF No. 46 contains personal-data identifiers such as Birch's date of birth and street address that should have been redacted before filing. The court therefore will grant Birch's motion to seal ECF No. 31-1 and ECF No. 46 in that the court will order these documents to remain under seal. To the extent Birch moves to seal and/or strike other documents provided by Lombardo in discovery, the motion is denied because those records are not in the court's docket.

The court declines to strike references to the underlying criminal charges against Birch that are included in Lombardo's briefs. As defined in Rule 12(f), motions to strike are directed to "pleadings" only. Under Rule 7(a) of the Federal Rules of Civil Procedure, pleadings include: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Thus, a motion to strike technically is not available to strike material contained in motions and other briefs. *See, e.g., Albertson v. Fremont Cnty., Idaho*, 834 F. Supp. 2d 1117, 1123 n.3 (D. Idaho 2011); *U.S. v. Crisp*,

1  190 F.R.D. 546, 550-51 (E.D. Cal. 1999).  Thus, Birch's motion to strike is granted in part and denied in part.

## V.  MOTION FOR ORDER OF PROHIBITION AGAINST NAPHCARE (ECF NO. 67)

Birch moves for an "order of prohibition" against NapCare under Rule 5(1)(d)[1] of the Federal Rules of Civil Procedure, arguing that defendants are filing motions and receiving orders before serving him.  Specifically, Birch states he never received ECF No. 58 in this case, though he received other documents.  Birch requests that NaphCare be ordered "to provide copies to other parties including motions."  Birch also states that he signed a HIPAA release when he arrived at Clark County Detention Center, though he does not request any relief with respect to this issue.

NaphCare and Dr. Williamson respond that Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure authorizes service by mail and that service is complete upon mailing.  They further respond that they served Birch with ECF No. 58 as indicated by the signed certificate of service attached to that document.  Regarding the HIPAA release form, Naphcare and Dr. Williamson state that they did not receive it.  Birch replies that he received a copy of ECF No. 58 from the clerk of court, but that "an order may still be appropriate and sanction if this court has previously warned defendant."  (Reply (ECF No. 84) at 1.)

Given that Birch has received a copy of ECF No. 58, the court will deny this motion as moot.  Because there is no indicia that NaphCare or Dr. Williamson have failed to properly serve documents in this case, the court will deny Birch's request for sanctions.  The court does not express an opinion regarding the HIPAA release as Birch does not state what relief he is requesting.

## VI.  MOTION FOR ORDER OF PROHIBITION AGAINST THE SHERIFF (ECF NO. 68) AND MOTION FOR SHERIFF TO STOP OFFERING FALSE EVIDENCE (ECF NO. 69)

In the first motion, Birch requests an order of prohibiting Lombardo from seizing legal documents and from preventing inmates from helping each other.  In the second motion, Birch

---

[1] The court understands Birch to be referencing Rule 5(d)(1) of the Federal Rules of Civil Procedure because Rule 5(1)(d) does not exist.

6

requests that Lombardo stop offering false evidence in this case and that he correct or change the prison grievance system.  Given that Lombardo has been dismissed from this case, the court will deny these motions as moot.

## VII. REQUEST FOR CERTIFICATE OF INTERESTED PARTIES (ECF NO. 75)

Birch requests that Michael T. McLoughlin and Ryan W. Daniels be ordered to file a certificate stating their interests in this case.  NaphCare and Dr. Williamson respond that McLoughlin and Daniels are retained counsel in this case and that they are not required to file a disclosure statement under Rule 7.1 of the Federal Rules of Civil Procedure or Local Rule 7.1-1.

Rule 7.1 of the Federal Rules of Civil Procedure requires non-governmental corporate parties to file a disclosure statement.  Likewise, Local Rule 7.1-1(a) requires pro se parties and private non-governmental parties to file a disclosure identifying "all persons, associations of persons, firms, partnerships or corporations (including parent corporations) that have a direct, pecuniary interest in the outcome of the case."  The purpose of this rule is "to enable judges of the court to evaluate possible disqualifications or recusal."  *Id.*

In their capacity as attorneys for defendants, McLoughlin and Daniels are not parties to the litigation and do not have a disclosure duty under Rule 7.1 or Local Rule 7.1-1.  The court therefore will deny this motion.

## VIII. MOTION TO STRIKE (ECF NO. 91)

Birch moves to strike ECF No. 85, which is non-party Las Vegas Metropolitan Police Department's ("LVMPD") response to a writ of habeas corpus ad prosequendum entered by the United States district judge in this case.  The writ ordered LVMPD to transport Birch to a hearing on May 19, 2017.  (*See* Writs (ECF Nos. 80, 81).)  LVMPD's response raises certain logistical issues related to its transport of Birch, and requests that the court order the U.S. Marshal to take custody of Birch for the duration of the hearing.  (Resp. (ECF No. 85).)  Birch argues that LVMPD is in contempt and is impairing his right to access the court.  The court subsequently vacated the hearing at issue.  (Min. Order (ECF No. 87).)  Later, the court rescheduled the hearing and issued a new writ.  (Min. Orders (ECF Nos. 113, 118, 123); Order (ECF No. 121).)  Mr. Birch did not object to the second writ, and the hearing at issue was held on September 5, 2017, with Birch in

attendance. (Mins. of Proceedings (ECF No. 126).) The court therefore denies Birch's motion to strike as moot.

## IX. EXHIBITS TO SHOW ABUSE AND NEGLECT (ECF NO. 92)

Birch filed a 115-page document that summarizes and attaches numerous exhibits related to the general allegations in Birch's complaint. Defendants object to the filing, arguing that it should be disregarded because the exhibits are not submitted in support of any particular motion and because it is unclear what relief Birch requests by way of filing these exhibits. Birch replies that the evidence was submitted in accordance with Rules 401 and 402 of the Federal Rules of Evidence.

Given that the document is not styled as a motion and that it does not request any particular relief from the court, the court will strike this document under Local Rule IA 7-1. If Birch seeks relief from the court, he is advised to style his requests for relief as motions. Although the court will liberally construe Birch's filings because he is not represented by an attorney, Birch nevertheless is required to follow the same rules of procedure that govern other litigants. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

## X. MOTION FOR ENTRY OF PROTECTIVE ORDER (ECF NO. 90) AND MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS (ECF NOS. 100, 101)

NaphCare and Dr. Williamson move for entry of a protective order with respect to NaphCare's policies and procedures manual in anticipation of disclosing the manual to Birch. NaphCare and Dr. Williamson prepared a proposed stipulated protective order for Birch's review. NaphCare and Dr. Williamson represent that before receiving a response from Birch regarding the stipulated protective order, Birch served them with requests for production of documents that requested NaphCare's policies and procedures. The parties participated in a meet-and-confer conference in which Birch purportedly agreed to stipulate to the protective order. Defendants' counsel, however, represents that Birch later sent him a letter indicating he would not agree to the protective order because it did not benefit Birch, resulting in defendants having to file the motion for protective order.

///

NaphCare and Dr. Williamson argue there is good cause for a protective order because the manual contains confidential information regarding NaphCare's business that should be protected from competitors as NaphCare is a private company. They further argue that disclosure of the manual outside of this litigation could undermine jail safety and security if inmates exploited the policies and procedures, which include safety precautions and instructions to staff for responding to certain situations. According to NaphCare, public policy demands the information remains protected to keep jails safe and to ensure medical, dental, and psychiatric care are administered in an orderly manner. NaphCare and Dr. Williamson argue the proposed protective order is narrowly-tailored to achieve this purpose.

Birch responds that the proposed protective order is too broad; that it is based on the possibility, not certainty, of such protections being needed; that it restricts his ability to communicate with others and to make copies; that he has not requested safety or security documents; that it would restrict him from communicating with other inmates; and that prison officials could take documents from him, though it is unclear to the court which documents Birch is referencing. Birch further argues that defendants could redact the manual.

After NaphCare and Dr. Williamson moved for the protective order, Birch filed a separate motion to compel disclosure of the policies and procedures and moves for sanctions for having to file the motion to compel. Birch argues that defendants' responses to his requests for production of documents were untimely and that the policies should be public record because NaphCare is a government employee.

NaphCare and Dr. Williamson respond that the policies and procedures manual that Birch moves to compel is the same manual at issue in their motion for protective order. They concede that their responses to the requests for production of documents were served on June 16, 2017, rather than on May 26, 2017, but argue that their motion for protective order was filed before their discovery responses were due and that a party may respond to a production request through a motion for a protective order. They further argue that the court should not deem their objections to Birch's requests for production of documents waived because they have been diligent, did not act in bad faith, and Birch has not been prejudiced except for the passage of time. They also argue that

Birch did not comply with the court's local rules because he failed to meet and confer with them before filing the motion to compel, and because the motion does not set forth the text of the discovery originally sought and responses to it. Finally, they argue that Birch is not entitled to sanctions because he filed his motion to compel before attempting in good faith to obtain the discovery without court action. NaphCare and Dr. Williamson request sanctions for having to oppose the motion to compel. Birch did not reply to these arguments.

Discovery must be "relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Even if is discovery is relevant and proportional to the needs of the case, the court may, for "good cause," enter a protective order restricting disclosure of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). It is within the court's discretion whether to grant a protective order. *Reza v. Pearce*, 806 F.3d 497, 508 (9th Cir. 2015).

Here, the parties do not dispute that NaphCare's policies and procedures manual is relevant and that disclosure of the manual is proportional to the needs of the case. Rather, the parties dispute whether the manual should be subject to a protective order. Accepting as true NaphCare's counsel's representations that the manual contains confidential and proprietary business information and that public disclosure of the information could compromise prison safety, the court in its discretion finds that there is good cause to enter a protective order regarding the handling of the manual. The court has reviewed and considered NaphCare's proposed protective order and finds that the proposed order appropriately balances Birch's need for the manual in this litigation against defendants' need to restrict disclosure of the confidential information in the manual. The court therefore will grant NaphCare and Dr. Williamson's motion for protective order and will enter the proposed protective order provided to the court at ECF No. 90, Exhibit B. NaphCare must disclose the manual to Birch within 14 days of the date of this order. The court further will deny Birch's motion to compel production of the manual as moot.

**XI. MOTION FOR 90-DAY EXTENSION (ECF NO. 106)**

On July 21, 2017, Birch moved for a 90-day extension of time to obtain legal materials and other resources, like legal supplies and postage, because he was in the "fish tank" for 45-60 days. It

is unclear to the court which deadline Birch seeks to extend, though Lombardo interpreted the request as a request to extend discovery. (*See* Notice of Non-Opp'n (ECF No. 109).) Since the time the motion was filed, Lombardo was dismissed from the case, Birch filed an amended complaint, and NaphCare filed a motion for summary judgment that is fully-briefed and is pending before the United States district judge assigned to this case. Given the amount of time that has passed since Birch requested the extension and the case's current procedural posture, it is unclear to the court whether Birch still requires the requested extension. The court therefore will deny the motion without prejudice.

## XII. CONCLUSION

IT IS THEREFORE ORDERED that Birch's Sworn Statement (ECF No. 53) is STRICKEN.

IT IS FURTHER ORDERED that Birch's Motion/Request for Order (ECF No. 65) is DENIED without prejudice.

IT IS FURTHER ORDERED that Birch's Motion to Strike (ECF No. 66) is GRANTED in part and DENIED in part as stated in this order.

IT IS FURTHER ORDERED that Birch's Motion for Order of Prohibition Against NaphCare (ECF No. 67) is DENIED as moot.

IT IS FURTHER ORDERED that Birch's Motion for Order of Prohibition Against the Sheriff (ECF No. 68) is DENIED as moot.

IT IS FURTHER ORDERED that Birch's Motion for Sheriff to Stop Offering False Evidence (ECF No. 69) is DENIED as moot.

IT IS FURTHER ORDERED that Birch's Request for Certificate of Interested Parties (ECF No. 75) is DENIED.

IT IS FURTHER ORDERED that Birch's Motion to Strike (ECF No. 91) is DENIED as moot.

IT IS FURTHER ORDERED that Birch's Exhibits to Show Abuse and Neglect (ECF No. 92) are STRICKEN.

IT IS FURTHER ORDERED that NaphCare and Dr. Williamson's Motion for Entry of a

Protective Order (ECF No. 90) is GRANTED.

IT IS FURTHER ORDERED that Birch's Motion to Compel Discovery and for Sanctions (ECF Nos. 100, 101) is DENIED as moot.

IT IS FURTHER ORDERED that Birch's Motion for Extension (ECF No. 106) is DENIED without prejudice.

DATED: December 6, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**